IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD C. BUTLER<br>122 N. 3RD Avenue<br>Mount Vernon, NY 10550<br>　　　　　Plaintiff<br><br>v.<br><br>THE HARTFORD LIFE AND<br>ACCIDENT INSURANCE<br>COMPANY<br>1515 Market Street<br>Philadelphia, PA 19102<br>　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Reginald Butler, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, The Hartford Life and Accident Insurance Company, (hereinafter referred to as " The Hartford"), as follows:

**I.　STATEMENT OF JURISDICTION:**

1.　Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Plaintiff received his administrative denial within the judicial district of this Court and the Defendant can be found within the judicial district of this Court.

## III. FACTS:

3. The Plaintiff, Reginald Butler, is an adult and competent individual with a physical address of 122 N. 3rd Avenue, Apt 9 K, Mount Vernon, NY 10550.

4. The Defendant, The Hartford, under information and belief, is a business entity with a business address at 1515 Market Street, Philadelphia, PA 19102.

5. The Hartford is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, The Hartford, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer, .

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by The Hartford to the Plaintiff's employer, Julia Dyckman Andrus Memorial.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with The Hartford.

12. The Hartford paid long term disability benefits to the Plaintiff until August 1, 2022.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of his treating doctors in support of his claim. The information provided was sufficient to establish that the Plaintiff continued to be disabled beyond August 1, 2022.

14. By correspondence dated October 21, 2022, the Hartford denied the Plaintiff's appeal and advised him of his right to bring a civil action under ERISA.

15. The Hartford acted arbitrarily, capriciously, in a manner serving only

its own business interest and in direct violation of ERISA when it denied the Plaintiff's claim for disability benefits.

16. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability and provided sufficient proof of loss to the Hartford.

17. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

18. As a direct and proximate result of the actions of The Hartford as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

19. As a direct and proximate result of the actions of The Hartford, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from August 1, 2022 until the present and continuing into the future.

WHEREFORE, the Plaintiff, Reginald Butler, respectfully requests that judgment be entered against The Hartford as follows:

1. Ordering The Hartford to pay to the Plaintiff, Reginald Butler, long term disability insurance benefits from August 1, 2022 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Reginald Butler, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: */s/ Michael J. Parker*

Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@PondLehocky.com